ALMANZON HUSTON v. CALOWAY DEEN, ADM'R.

In a suit to revive a judgment, the defendant who had been duly served with process in the original suit, pleaded that the judgment was obtained during his absence, and that after his return he was about to take steps to reduce and set aside said judgment, on the ground that the same had been rendered against him contrary to an agreement entered into between this defendant and plaintiff's attorney, whereupon the plaintiff agreed that if this defendant would not take any steps to reduce the judgment, this defendant should only be liable for the amount which William Phillips, a former clerk and partner of the plaintiff's intestate, would prove to be due from defendant, and therefore defendant prayed that said agreement be enforced ;—the judgment was recovered in May, 1850 ; the agreement pleaded was without date, and none was alleged ; and this suit to revive was commenced in September, 1855 : Held, that if there was a valid agreement as alleged, the plea was bad, inasmuch as it did not appear from the allegations thereof, that it was not defendant's fault that it was not carried out, nor that defendant could prove by Phillips or any other witness, any matter which would entitle him to a reduction of the judgment.

Appeal from San Augustine.   Tried below before the Hon. Archibald W. O. Hicks.

Suit by Calloway Deen, administrator of Sebastin Francois, commenced September 12th, 1855, to revive a judgment recovered by him on the 2nd day of May, 1850, against Almanzon Huston.   The amended plea of the defendant was as follows:   That after the rendition of the said judgment, this defendant was about taking steps to reduce and set aside said judgment on the ground that it had been rendered against him contrary to an agreement entered into between this defendant and plaintiff's attorney in the original suit, and for a debt which this defendant did not owe,—this defendant being absent from home when said judgment was rendered against him, and his attorney not knowing of said agreement ;

and after the rendition of said judgment, this defendant entered into an agreement with said plaintiff, that in consideration that the said defendant would not take any steps to reduce the said judgment, the case should be decided by the evidence of William Phillips, and this defendant to be liable for the amount proved by said Phillips and no more ; which said agreement is signed " Burwell J. Lewis, attorney for plaintiff," and is hereto attached as a part of this plea ; and therefore defendant prays that the said agreement be enforced.

The agreement was as follows :

Caloway Deen, adm'r, &c. of S. Francois, dec'd, v. A. Huston. This case was brought on an account for goods purchased of deceased in his lifetime ; the judgment obtained in the absence of defendant ; on the return of defendant he was about to take steps to reduce the judgment, and it was finally agreed between the parties, that the case should be decided by the evidence of William Phillips, the former clerk and partner of the said deceased ; and the defendant to be liable for the amount proved by said Phillips and no more.

(Signed)       BURWELL J. LEWIS, Att'y for plaintiff.

The Court sustained a general demurrer to said plea. The petition alleged the issue of an execution on the original judgment on the 11th of January, 1851, and a return thereof " no property found," on the 14th of same month ; and that no execution had since issued. It did not appear what answer, if any had been filed by the defendant in the original suit.

*H. M. Kinsey*, for appellant, argued that the effect of the agreement was to open the judgment, for a new trial, in which the amount due should be determined not by the books of the deceased, but by the eviidence of Phillips.

WHEELER, J. The amended plea was manifestly insufficient. It does not allege that the defendant had ever taken any steps to carry into effect the alleged agreement ; or that he

could prove by Phillips or any other witness, any matter which would entitle him to a reduction of the judgment. If any valid agreement had been made between himself and the plaintiff, as alleged, it devolved on him to show that it was not his fault that it had not been carried into effect.

The Court did not err in sustaining the exceptions, and the judgment is affirmed.

Judgment affirmed.